Ladislado MENDOZA–CHAVEZ,
Petitioner—Appellant,

v.

Tom RIDGE, Secretary of Department of Homeland Security; William D. McNamee, Oregon District Director U.S. Citizenship and Immigration Service; William Henry Day, District Counsel, U.S. Citizenship and Immigration Services, Respondents—Appellees.

No. 04–35680.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2005.*

Decided July 20, 2005.

Allen R. Peters, Portland, OR, for Petitioner–Appellant.

Kenneth C. Bauman, Esq., Office of the U.S. Attorney, Portland, OR, for Respondents–Appellees.

Before: RYMER, KLEINFELD,
Circuit Judges, and WEINER, District Judge.**

MEMORANDUM ***

---

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Ladislado Mendoza–Chavez appealed the district court's denial of his § 2241 habeas petition. 28 U.S.C. § 2241. Meanwhile, the REAL ID Act was enacted, which requires transfer of cases challenging final orders of removal that are pending in district courts to the court of appeals. *See* REAL ID Act of 2005, Pub.L. No. 109–13, § 106, 119 Stat. 231, 310–11 (May 11, 2005). We need not decide whether to treat Mendoza–Chavez's case as an appeal from denial of his § 2241 petition or as a petition for review under the REAL ID Act, because in any event our review of his due process argument is *de novo* and the result would be the same. Having considered his position, we agree with the district court. While the immigration judge's questioning could have been more restrained, Mendoza–Chavez had a full and fair opportunity to present his case. *Cf. Jacinto v. INS,* 208 F.3d 725 (9th Cir.2000).

AFFIRMED; REVIEW DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.